NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

MAY 13 2022

FOR THE NINTH CIRCUIT

GU WEIHONG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71713

Agency No. A205-774-547

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2022[**]
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

Gu Weihong, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals (BIA) dismissing her appeal from the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

decision of an immigration judge (IJ) denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We deny the petition.

**1.**  Substantial evidence supports the agency's adverse credibility determination.  The IJ found Gu's claim not credible based on inconsistencies in her testimony, and the BIA held that this finding was not clearly erroneous.  Although some of the purported inconsistencies identified by the agency were either trivial or unpersuasive, there are enough significant inconsistencies in Gu's testimony that we must defer to the agency's conclusion.

First, Gu repeatedly gave inconsistent testimony regarding the timeline of events after the medical examination that revealed her pregnancy.  Gu initially testified that family planning officials visited her home "immediately" after the exam.  She later stated that the first visit occurred not immediately after the examination, but the next day.  When asked a third time, Gu stated that her first visit from a family planning official occurred the third day after her exam.  Gu also testified on direct examination that officials came to her house "every day, day after day," after they found out she was pregnant.  However, she then stated on cross-examination that the officials visited only twice.  Regarding the abortion itself, Gu first stated that it occurred "ten plus days" after her initial appointment.  But she later testified that the examination occurred on a Monday and the abortion

took place on Wednesday of the same week. Even after the IJ asked her to clarify whether she was referring to Wednesday of the following week, Gu affirmed her statement that the abortion occurred only two days after the examination. When her attorney pointed out this inconsistency, Gu admitted that she could not remember the actual length of time between her medical exam and her abortion.

Second, Gu testified initially that her son, who was one year old at the time, was away at kindergarten when family planning officials took Gu from her home and forced her to have an abortion. The IJ, surprised by the suggestion that a one-year-old was at kindergarten, asked Gu to repeat her response. Gu then stated that her son was actually at home when she was taken away.

Gu argues that these inconsistencies are attributable to her limited middle school education, her advanced age—she was 63 years old at the time of the hearing—and the 37-year interval between Gu's hearing and the events she recounted. While these explanations are plausible, the agency was not compelled to accept them. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

Gu also contends that the agency should not have relied upon these inconsistencies because they "cannot be viewed as attempts to enhance claims of persecution." But under the REAL ID Act, inconsistencies need not "go to the heart" of a petitioner's claim, or enhance the claim, to support an adverse credibility finding. *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010); 8

U.S.C. § 1158(b)(1)(B)(iii). Gu's reliance on pre-REAL ID Act cases in support of this argument is therefore misplaced. *See Shrestha*, 590 F.3d at 1046.

Substantial evidence also supports the agency's conclusion that Gu did not "rehabilitate [her] testimony with sufficient corroborating evidence." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020). The abortion certificate submitted by Gu does not indicate the specific date of the abortion. The certificate states that it was created in 2017 based on a medical record on file at the hospital, but Gu testified that the hospital had lost its records of the abortion. Gu attempted to explain this inconsistency, stating that her son identified the doctor who performed the abortion and that the doctor's assistant recreated the certificate. Yet the certificate was not signed by the doctor herself, and Gu did not submit a letter from her son or any other evidence to explain how she obtained the certificate.

In the absence of credible testimony, Gu's claims for asylum and withholding of removal fail.

**2.** Substantial evidence also supports the agency's determination that Gu is not eligible for CAT protection. Gu's claim for relief is based on the same testimony that the agency deemed not credible. While an adverse credibility finding does not necessarily defeat a claim for CAT relief, Gu's country conditions evidence does not compel the conclusion that she is more likely than not to be tortured if she is removed to China. *See Shrestha*, 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**